Shanna (Mofield) **LEWIS,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 52A02–0008–CR–503.**

Court of Appeals of Indiana.

Sept. 10, 2001.

Patrick J. Roberts, Peru, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Martha Warren–Rosenfeld, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Shanna Mofield Lewis ("Defendant") appeals from the trial court's order denying her Motion for Modification of Sentence.

On November 25, 1997, the State charged Defendant with one count of fraud on a financial institution, a Class C felony, Ind.Code § 35–43–5–8; and seven counts of forgery, all Class C felonies, Ind.Code § 35–43–5–2. Defendant pled guilty to each count on June 1, 1998. On July 2, 1998, the trial court sentenced Defendant to the Department of Correction for a term of two years for each count, with each count to be served consecutively to the others. The trial court further ordered that Defendant serve the first two years of her sentence on probation, on home detention, due to the fact that Defendant had recently given birth to a child.

The trial court ordered that following the period of home detention that the next two years be served as executed time. The trial court then placed Defendant on probation for the remaining twelve years. Defendant executed the order of probation on July 10, 1998.

On May 23, 2000, prior to the completion of her two-year period of home detention, Defendant filed a Motion for Modification of Sentence under Ind.Code § 35–38–1–17(a). The trial court set the matter for hearing. At the beginning of the hearing, the State objected to holding the hearing on the motion because more than three hundred sixty-five days had elapsed between the entry of the sentencing order and the beginning of the home detention, and the filing of the motion. The trial court reset the hearing for July 20, 2000, at which time the trial court found that the State's consent and approval was required because more than three hundred sixty-five days had passed since the date of the sentencing order and commencement of Defendant's home detention.

Defendant claims that she has not yet begun serving her sentence because she has not been committed to the Department of Correction for the executed portion of her term. The trial court concluded that Defendant began serving her sentence the day she starting serving home detention.

■ Ind.Code § 35–38–1–17 provides as follows:

(a) Within three hundred sixty-five (365) days after:

(1) the defendant begins serving his sentence;

(2) a hearing at which the defendant is present and of which the prosecuting attorney has been notified; and

(3) obtaining a report from the department of correction concerning the defendant's conduct while imprisoned;

the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

After issuing a final judgment, a court retains only such continuing jurisdiction as is permitted by the judgment or granted to the court by statute or rule. *See Schweitzer v. State*, 700 N.E.2d 488, 492 (Ind.Ct.App.1998). Upon expiration of the 365–day limit outlined in Ind.Code § 35–38–1–17, notwithstanding any petitions filed by the defendant, the court loses further jurisdiction over the defendant insofar as the alteration of the defendant's sentence is concerned. *Id.*

■ The first portion of Defendant's sentence was two years of home detention as a condition of probation. In *Palmer v. State*, 744 N.E.2d 525, 530 (Ind.Ct.App. 2001), *transfer pending,* a panel of this court held that a defendant is not entitled to credit for time served on home detention as a condition of his probation.[1] *Cf. Dishroon v. State*, 722 N.E.2d 385, 389 (Ind.Ct.App.2000). Conversely, a defendant who is sentenced to home detention pursuant to a community corrections placement is entitled to credit for time served on such detention. *See Purcell v. State*, 721 N.E.2d 220, 223–24 (Ind.1999).

■ Since Defendant could not earn credit for time served while on home detention as a condition of probation, she did not begin serving her sentence while on

---

**1.** As a panel of this court noted in *Oswalt v. State*, 749 N.E.2d 612, 615 n. 5 (Ind.Ct.App. 2001), the legislature amended Ind.Code § 35–38–2.5–5 to provide that a person confined on home detention as a condition of probation earns credit for time served, effective July 1, 2001. Act of May 22, 2001, Pub.L. No. 166, sec. 2 (2001). At the time of Defendant's sentencing, however, this was not the law, and Defendant did not earn credit for time served.

home detention as a condition of probation. Defendant began serving her sentence for purposes of Ind.Code § 35–38–1–17 when she began serving the executed portion of her sentence. Defendant should be allowed to pursue the modification of her sentence without the prosecutor's consent. The trial court has jurisdiction to hold a hearing on Defendant's motion for modification of sentence.

Furthermore, Ind.Code § 35–38–1–17 requires that a report be obtained from the Department of Correction on the subject of a defendant's behavior while imprisoned. No such report could be obtained in the present case because Defendant had not yet reported to the Department of Correction to begin serving the executed portion of her sentence.

Reversed.

SULLIVAN, J., and MATHIAS, J., concur.