Travis L. STEPHENS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0304–CR–330.

Court of Appeals of Indiana.

Jan. 23, 2004.

Transfer Granted April 12, 2004.

Kurt A. Young, Nashville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Travis L. Stephens appeals his sentence following the revocation of his probation. He presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. The State cross-appeals and presents a single issue for our review, namely, whether the trial court had jurisdiction to impose a three-year sentence.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

On March 22, 2001, Stephens pleaded guilty to Child Molesting, as a Class B felony. The trial court entered judgment accordingly and sentenced him to ten years, with four years suspended. Stephens completed the executed portion of his term and began probation in April 2002.[1] The terms of his probation included attending psychosexual counseling sessions and not committing any crimes.

Stephens missed two counseling sessions during June and July 2002. At an administrative hearing on July 31, 2002, the State warned Stephens that it would file a notice of probation violation if he missed any

---

1. Stephens was given 468 days' credit for time served.

more sessions. On October 11, 2002, the State filed a notice of probation violation, alleging that Stephens had failed to attend a scheduled counseling session on October 5, 2002. At the hearing on the alleged violation, Stephens admitted that he had not attended the psychosexual counseling as directed and that he had been convicted of driving while his license was suspended. Based upon those admissions, the trial court revoked Stephens' probation and sentenced him to three years. This appeal ensued.

## DISCUSSION AND DECISION

 Stephens contends that his three-year sentence is inappropriate in light of the nature of his offense and his character. *See* Ind. Appellate Rule 7(B). The State responds that the trial court did not have jurisdiction to impose an executed sentence other than the original suspended four-year sentence. We agree with the State.[2]

 After issuing a final judgment, a court retains only such continuing jurisdiction as is permitted by the judgment or granted to the court by statute or rule. *Lewis v. State,* 754 N.E.2d 1019, 1020 (Ind. Ct.App.2001). Indiana Code Section 35–38–1–17 provides in relevant part:

(a) Within three hundred sixty-five (365) days after:

(1) the defendant begins serving his sentence;

(2) a hearing at which the defendant is present and of which the prosecuting attorney has been notified; and

(3) obtaining a report from the department of correction concerning the defendant's conduct while imprisoned;

the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

Upon expiration of the 365–day limit, notwithstanding any petitions filed by the defendant, the court loses further jurisdiction over the defendant insofar as the alteration of the defendant's sentence is concerned. *Lewis,* 754 N.E.2d at 1020.

Further, Indiana Code Section 35–38–2–3(g) provides:

If the court finds that the person has violated a condition [of probation] at any time before termination of the period [of probation], and the petition to revoke is filed within the probationary period, the court may:

(1) continue the person on probation, with or without modifying or enlarging the conditions;

(2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or

(3) order execution of the sentence that was suspended at the time of initial sentencing.

Stephens contends that subsection (3) "does not state that the entire sentence must be imposed, only that the court 'may . . . order execution of the sentence that was suspended at the time of the initial sentencing.'" But the State reads the same statute to mean that if the trial court revokes a defendant's probation and wants to incarcerate him, the only option is to impose the entire suspended sentence.

 The interpretation of a statute is a question of law reserved for the courts.

---

**2.** In his reply brief, Stephens points out that the State raises this issue for the first time on appeal. As such, he claims that the issue is waived. But this court has held that a trial court's failure to sentence a defendant in ac-

cordance with statutory requirements constitutes fundamental error and may, therefore, be raised by the State for the first time on appeal. *See Abron v. State,* 591 N.E.2d 634, 638 (Ind.Ct.App.1992), *trans. denied.*

*State v. Rans,* 739 N.E.2d 164, 166 (Ind.Ct. App.2000), *trans. denied.* If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Id.* However, when the language is susceptible to more than one construction, we must construe the statute to determine the apparent legislative intent. *Id.* Our task with respect to statutory interpretation has been summarized as follows:

> We ascertain and implement legislative intent by "giving effect to the ordinary and plain meaning of the language used in the statute." The statute is examined and interpreted as a whole and the language itself is scrutinized, including the grammatical structure of the clause or sentence at issue. Within this analysis, we give words their common and ordinary meaning, without "overemphasizing a strict literal or selective reading of individual words."

*Id.* (quoting *Clifft v. Indiana Dep't of State Revenue,* 660 N.E.2d 310, 316 (Ind.1995) (citations omitted)).

Indiana Code Section 35–38–2–3(g) provides the trial court with three options when a defendant has violated a condition of his probation. The first two options authorize the trial court to continue probation, with or without modifying or enlarging the conditions, or to extend the original probationary period. The third option authorizes the trial court to order execution of a suspended sentence when the trial court revokes probation.

■ Another statute, Indiana Code Section 35–38–2–2.3(c), provides that as a condition of probation, a court may require that the person serve a term of imprisonment in an appropriate facility at the time or intervals (consecutive or intermittent) within the period of probation the court determines. We construe together statutes that relate to the same general subject matter. *Boone County Area Planning Comm'n v. Shelburne,* 754 N.E.2d 576, 580 (Ind.Ct.App.2001). Thus, where a trial court opts to modify the conditions of a defendant's probation under Indiana Code Section 35–38–2–3(g)(1), the court may order the probationer to serve a prison sentence under Section 35–38–2–2.3(c).

But in this case, the trial court did not modify the conditions of Stephens' probation or extend his probationary period. Rather, upon finding that Stephens violated a condition of his probation, the trial court expressly *revoked* his probation. *See, e.g., Gardner v. State,* 678 N.E.2d 398, 401 (Ind.Ct.App.1997) (noting court may revoke or modify probation after finding violation of condition of probation). Revocation of probation means the termination of all probationary conditions and privileges. When a trial court revokes probation, only the third option under Indiana Code Section 35–38–2–3(g) is available to the trial court, namely, "order[ing] execution of the sentence that was suspended at the time of initial sentencing." In this case, "the sentence that was suspended at the time of initial sentencing" was four years. Giving the words in the statute their ordinary and plain meaning, we conclude that in this case, where Stephens' probation was revoked more than 365 days after he began serving his initial sentence, the trial court did not have jurisdiction to impose a three-year sentence.[3] Thus, we are obliged to reverse and remand with instructions to vacate the sentence and

---

**3.** In his reply brief, Stephens maintains that even after the 365–day limit has expired, the trial court has discretion to reduce or suspend a defendant's sentence, subject to the prosecutor's approval. *See* Indiana Code Section 35–38–1–17(b). And Stephens is correct that where the prosecutor acquiesces in a petition for sentence modification under that statute, the trial court has discretion to grant the petition. But Stephens did not move the trial court to modify his sentence at the probation revocation hearing. In addition, nothing in

impose a sentence consistent with Indiana Code Section 35–38–2–3(g).

 When a trial court revokes probation, the court has no alternative under Indiana Code Section 35–38–2–3(g)(3) but to order execution of the entire sentence suspended at the time of the initial sentencing. However, when a trial court modifies a condition of probation under Indiana Code Section 35–38–2–3(g)(1), the court is authorized under Section 35–38–2–2.3(c) to order the probationer to serve a sentence less than the entirety of the probationer's initial suspended sentence.

Our holding is confined to circumstances like those presented here, where the trial court expressly revokes the defendant's probation before sentencing. We note that if the trial court had not revoked Stephens' probation but had opted to modify the conditions of his probation instead, the court could have ordered Stephens to serve a term of imprisonment less than the four year suspended sentence under Indiana Code Section 35–38–2–2.3(c). In short, where a trial court finds that a defendant has violated a condition of his probation, the court has authority to revoke a defendant's probation and impose the suspended sentence, *or* continue the defendant on probation, with or without modifying the conditions, *or* extend the defendant's probationary period for not more than one year.

Because the issue of the appropriateness of Stephens' sentence is likely to recur on remand, we address that issue here. In *Schlichter v. State,* 779 N.E.2d 1155 (Ind. 2002), the defendant challenged the propriety of the trial court's imposition of consecutive sentences. But the defendant raised that issue for the first time in a direct appeal from his probation revocation, more than four years after the imposition of his sentence. Our supreme court held that a defendant may not collaterally challenge his sentence on an appeal from his probation revocation. *Id.* at 1156.

 We hold that the trial court did not have jurisdiction to impose a three-year sentence under the circumstances, and we remand for resentencing in accordance with Indiana Code Section 35–38–2–3(g). And, following our supreme court's decision in *Schlichter,* we hold that Stephens may not collaterally challenge his sentence on an appeal from his probation revocation.

Reversed and remanded with instructions.

ROBB, J., and MATHIAS, J., concur.

---

the record shows that the trial court notified the victim in this case about Stephens' reduced sentence, which is required by Indiana Code Section 35–38–1–17(b). We conclude that Indiana Code Section 35–38–1–17(b) does not apply under the circumstances.

Stephens also lists several cases involving the imposition of less than the full suspended sentence following the revocation of probation. While we recognize this practice, we note that none of the cases Stephens cites directly addresses the issue raised here, namely, whether a trial court has jurisdiction to shorten the term of a suspended sentence following probation revocation. In *Goonen v.*

*State,* 705 N.E.2d 209, 212–13 (Ind.Ct.App. 1999), this court held that, following the revocation of defendant's probation, the trial court did not abuse its discretion when it reinstated the original sixteen-year sentence, but altered the years of probation and suspension to three years each, instead of eight years suspended. Not only did the trial court not alter the total length of the sentence, but the defendant's probation revocation hearing was held within 365 days of the original sentencing order. *See* Ind.Code § 35–38–1–17. Thus, the facts of *Goonen* are distinguishable from this case.