**Joshua SANDLIN, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 78S01–0503–CR–111.

Supreme Court of Indiana.

March 17, 2005.

1327, 1340 (4th Cir.1995).

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 78A01–0402–CR–061.

SULLIVAN, Justice.

Defendant Joshua Sandlin pled guilty to robbery. In March, 1999, the trial court sentenced him to ten years in prison, four years of which were suspended during which Defendant was placed on probation. Defendant's probation began in February, 2001. While on probation, Defendant committed five counts of burglary and theft for which he was convicted.

The State asked the original trial court to revoke Defendant's probation on grounds of the burglary and theft convictions. The trial court ordered Defendant to serve the entire four years of the original sentence that had previously been suspended.

Defendant appealed the trial court's decision revoking his probation, arguing that the trial court should have ordered him to serve a sentence less than the entire four years of the sentence originally suspended because of his youth and alleged lack of extensive criminal history. The Court of Appeals affirmed the decision of the trial court, holding that the trial court acted within its discretion. "While Sandlin is young, he has amassed a number of criminal convictions in a relatively short span of time, including robbery, reckless driving, and multiple counts of theft and burglary, in spite of the fact that he has been incarcerated for a significant part of his adult life." *Sandlin v. State,* 812 N.E.2d 254 (Ind.Ct.App.2004) (mem.).

In arguing that the trial court should have ordered him to serve less than the entire four years of his suspended sentence, Defendant took issue with the holdings of the Court of Appeals in two cases that had held that where a trial court revokes a defendant's probation, it has no jurisdiction to order the defendant to serve anything less than the entire amount of the sentence originally suspended. *Stephens v. State,* 801 N.E.2d 1288 (Ind.Ct. App.2004), *rev'd,* 818 N.E.2d 936; *Pugh v. State,* 804 N.E.2d 202 (Ind.Ct.App.2004), *rev'd,* 819 N.E.2d 375. Subsequent to the Court of Appeals decision in this case, we held to the contrary. We concluded that a trial court has the authority to order executed time following revocation of probation that is less than the length of the sentence originally imposed. *Stephens,* 818 N.E.2d at 942.

Although Defendant never explicitly says so, we infer from his argument that he contends that the trial court in this case believed that it was required to impose the entire amount of the sentence originally suspended. If that had been the case, it might well be appropriate to remand this case to the trial court for reconsideration in light of our holding in *Stephens.*

We have reviewed the transcript of the probation revocation hearing and find nothing in it indicating that the trial court believed it was required to impose the entire amount of the sentence originally suspended. Absent a fairly explicit statement to the contrary, we presume a trial court is aware of its authority to order

executed time following revocation of probation that is less than the length of the sentence originally imposed.

We grant transfer and summarily affirm the decision of the Court of Appeals. Ind. Appellate Rule 58(A)(2).

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.