**Unsoon PODLUSKY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0412–CR–1074.

Court of Appeals of Indiana.

Dec. 16, 2005.

Susan D. Rayl, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Mara McCabe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Unsoon Podlusky appeals her revocation of probation where the trial court ordered her to serve a two-year suspended sentence in the Department of Correction. Specifically, Podlusky argues that the evidence was insufficient to support the revocation and that the trial court erred in ordering her to serve the suspended sentence. Concluding that the evidence was sufficient to support Podlusky's probation revocation, and finding that the trial court did not abuse its discretion in ordering Podlusky to serve her originally suspended two-year sentence, we affirm the judgment of the trial court. However, as we point out in our discussion below, it is our belief that the trial court was not *required* to impose the entire suspended sentence in this instance.

## FACTS

The facts most favorable to the judgment are that on September 20, 2004, Podlusky pleaded guilty to one count of class C felony forgery. Pursuant to the plea agreement, the State agreed to dismiss four additional counts of Class C felony forgery and one count of Class D felony theft. Podlusky was sentenced to serve two years, her two-year sentence was suspended, and she was placed on probation.

On November 19, 2004, the State filed a notice of probation violation, which alleged that Podlusky "failed to communicate honestly with her Probation Officer," and "failed to notify the probation department of a change of address." Appellant's App. p. 23. A probation revocation hearing was held on December 3, 2004. The trial court then revoked Podlusky's probation and ordered her to serve the originally suspended two-year sentence.

Podlusky now appeals, and additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Sufficient Evidence

In addressing Podlusky's contention that the evidence was insufficient to support the revocation, we first note that "probation is a favor granted by the State, not a right to which a criminal defendant is

entitled." *Sanders v. State,* 825 N.E.2d 952, 954–55 (Ind.Ct.App.2005), *trans. denied.* Moreover, a probation revocation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Cox v. State,* 706 N.E.2d 547, 551 (Ind.1999). A trial court's decision to revoke probation is reviewed for an abuse of discretion. *Sanders,* 825 N.E.2d at 956. We consider only the evidence most favorable to the judgment and do not reweigh the evidence or judge the credibility of the witnesses. *Id.* at 954–55.

■ In this case, the evidence presented at the probation revocation hearing established that Podlusky was residing at Dove House, an alcohol treatment facility, when she was sentenced to probation. Podlusky left Dove House on or about November 13, 2004, but failed to notify her probation officer of a change of address until November 17, 2004. On that date, she left a voice mail message for her probation officer stating that she was going to the hospital for problems she was experiencing with the halo that she was wearing for her broken neck. However, a representative from Dove House testified that the halo was removed prior to Podlusky's departure from that facility.

As conditions of her probation, Podlusky was required to "communicate truthfully with [her] probation officer at all times" and to immediately report any change of permanent address to her probation officer. Appellant's App. p. 45. The trial court's finding that she violated those conditions of her probation is supported by

sufficient evidence, and, therefore, we conclude that the trial court acted within its discretion when it revoked Podlusky's probation.

## II. Sentencing

■ Podlusky also argues that the trial court abused its discretion when it ordered her to serve the originally suspended two-year sentence. We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Sanders,* 825 N.E.2d at 956. We also observe that a defendant may not collaterally challenge her sentence on appeal from a probation revocation.[1] *See Stephens v. State,* 818 N.E.2d 936, 939 (Ind.2004).

In *Stephens,* our Supreme Court held that "a trial court has the statutory authority to order executed time following revocation of probation that is less than the length of the sentence originally suspended, so long as, when combined with the executed time previously ordered, the total sentence is not less than the statutory minimum." *Id.* at 942. The circumstances in *Stephens* demonstrated that the defendant was sentenced to ten years, with six years executed and four years suspended, for his Class B felony child molesting conviction. *Id.* at 938, 942. Consequently, "the three-year term imposed following revocation of Defendant's probation when combined with the six-year term previously imposed (and satisfied), is greater than the statutory minimum (six years) for a Class B felony." *Id.* at 942–43.

---

1. In *Sanders,* this court rejected the Appellant's argument that the trial court's decision upon revocation of her probation to order her to serve her previously suspended sentence should be reviewed under the "inappropriate standard" in Indiana Appellate Rule 7(B). 825 N.E.2d at 957 ("[W]e believe-given our existing caselaw regarding appellate review of a trial court's probation decisions and regarding the prohibition against collaterally attacking an original sentence following revocation of probation-that the standard of review used when reviewing whether a defendant's probation revocation sentence is unreasonable is an abuse of discretion.").

In this case, Podlusky was ordered to serve her entire two-year sentence, which was originally suspended. Two years is the statutory minimum for a Class C felony. *See* Ind.Code § 35–50–2–6 (2004). Therefore, under the *Stephens* rule, when the trial court ordered Podlusky to serve executed time following the revocation of her probation, it could have ordered her to serve the originally suspended, minimum two-year sentence.

But we in no way construe our Supreme Court's decision in *Stephens* to mean that the trial court was *required* to impose the entire suspended sentence. For instance, when Podlusky's probation was revoked, the statute pertaining to revocation matters provided that:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:
>
> (1) continue the person on probation, without modifying or enlarging the conditions;
>
> (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or
>
> (3) order execution of the sentence that was suspended at the time of initial sentencing.

Ind.Code § 35–38–2–3(g). Our legislature has since amended subsection three of this statute, which became effective on July 1, 2005. This section now provides that the trial court may "order execution of all or part of the sentence that was suspended at the time of initial sentencing." *Id.* In considering the directive announced in *Stephens* that is quoted above, because Podlusky served no executed time prior to the revocation of probation, it was reasonable for the trial court to have assumed that ordering her to serve any amount of time

less than two years—the statutory minimum for a class C felony—would violate that rule.

In our view, the application of the rule in *Stephens* was appropriate in that case. In *Stephens*, the evidence demonstrated that the defendant pleaded guilty to child molesting, as a class B felony, and a ten-year sentence was imposed with four years suspended. Upon completing the executed portion of the sentence, Stephens commenced his probationary period in April 2002. The terms of his probation included attending psychosexual counseling sessions and not committing any crimes. Stephens missed two counseling sessions during June and July 2002. At an administrative hearing on July 31, 2002, the State warned Stephens that it would file a notice of probation violation if he missed additional sessions. Thereafter, on October 11, 2002, the State filed a notice of probation violation, alleging that Stephens had failed to attend a scheduled counseling session on October 5, 2002. At the hearing on the alleged violation, Stephens admitted that he had not attended the psychosexual counseling appointment as directed and that he had been convicted of driving while his license was suspended. Based upon those admissions, the trial court revoked Stephens's probation and sentenced him to an executed term of three years.

At first blush, the formula announced in *Stephens* appears clear-cut and practical. However, before announcing the precise rule regarding executed time following a probation revocation, the *Stephens* court observed that:

> [F]or probation to be a viable option for Indiana judges, judges must have the ability to move with alacrity to protect public safety when adjudicated offenders violate the conditions of their sentences.... The statutory scheme, it seems to us, reflects the Legislature's

intent that *trial courts have the flexibility both to use and to terminate probation when appropriate. To be more explicit, the statutory scheme seems to us to be sufficiently flexible to permit a trial court to order the same amount of executed time following a probation violation whether or not it actually revokes probation.*

*Id.* at 941–42 (emphasis added). The *Stephens* court further explained:

We can envision the following possible explanations for what went on in this case:

· The trial court, when initially considering Defendant's sentence, concluded that nine years executed time would be an appropriate sentence but nevertheless suspended a portion of the time, perhaps to assist the Defendant in meeting his 'financial obligations. However, in return for the reduction in the amount of executed time from nine to six years, the court concluded that four years of probation would be required after the sentence was served—and so imposed a total sentence of ten years. Once the Defendant demonstrated that he was not an appropriate candidate for probation by violating its terms, the trial court reverted to its original conclusion that a total of nine years executed time was the appropriate amount.

· The trial court, having concluded that Defendant's probation should be revoked, nevertheless found that the nature of the probation violations was not so great as to warrant an additional four-year term. As to whether Defendant should be placed on probation again after serving the additional time, the court concluded that the cost to an over-burdened probation system of gearing up for and supervising Defendant for one year would be far greater than the public safety risk posed.

· While Defendant is not entitled to any credit toward sentence of the time spent on probation once he violated its conditions, the trial court decided to give him some credit for his relatively good behavior.

These are all hypothetical possibilities—the record is insufficient for us to say that they reflect what went on here—but we think they illustrate some of the wide variety of considerations that the Legislature intends for Indiana judges to reflect upon during the thousands of sentencing and probation revocation proceedings over which they preside each year. That this, in fact, occurs is illustrated by the many reported appellate cases in which trial courts had ordered less than the entire amount suspended sentence after revoking probation. *See Carter v. State,* 706 N.E.2d 552, 553 (Ind.1999); *McKnight v. State,* 787 N.E.2d 888, 891, 893 (Ind.Ct.App. 2003); *Brattain v. State,* 777 N.E.2d 774, 775–78 (Ind.Ct.App.2002); *Kincaid v. State,* 736 N.E.2d 1257, 1258–59 (Ind. Ct.App.2000); *Louth v. State,* 705 N.E.2d 1053, 1054, 1056, 1060 (Ind.Ct. App.1999).

*Id.* at 942.

Our analysis of this rhetoric leads us to conclude that the specific rule announced in *Stephens* should not be painted with such a broad brush in all probation revocation matters. Again, our trial judges must be afforded the flexibility to use and terminate probation when appropriate and to order a sentence that they deem proper in the particular circumstances. There may very well be instances—including, possibly, the one that is before us today—where the nature of a probation violation is not so great as to warrant imposition of such a lengthy sentence that the *Stephens* rule seemingly mandates. The State alleged that Podlusky failed to communicate hon-

estly with her probation officer in light of Podlusky's indication that she was living at a certain residence when, in fact, she was not, and then failed to notify her probation officer of a change of address. Tr. p. 24. In essence, the evidence most favorable to the judgment at the revocation hearing established that Podlusky left Dove House and returned to her own apartment.

Also, inasmuch as Podlusky's probation was revoked on December 3, 2004, the trial court may indeed have construed the state of the law at the time to be that there was no alternative under Indiana Code section 35–38–2–3(g)(3) but to order execution of the entire sentence suspended at the time of the initial sentencing. *See Stephens v. State,* 801 N.E.2d 1288, 1292 (Ind.Ct.App. 2004). However, one week after the trial court sentenced Podlusky to two years of incarceration, our Supreme Court handed down *its* opinion in *Stephens* after accepting transfer of this court's decision. Hence, the trial court may have believed—and reasonably so—that it had no alternative but to sentence Podlusky to the entire suspended term. However, in light of our Supreme Court's observations in *Stephens,* Podlusky's seemingly minor violation of moving back to her former residence, knowing that the probation office had the address, and not immediately notifying her probation officer of this change, may not have warranted imposition of the entire two-year suspended sentence. Hence, given the circumstances surrounding Podlusky's alleged violations, we could certainly support a trial court's decision to impose less than the two-year suspended sentence that had been originally imposed. Put another way, we simply cannot contemplate that our Supreme Court meant that the sentencing formula announced in *Stephens* must so rigidly apply in every probation revocation. Thus, we take this opportunity to voice our hope that the Supreme Court will clarify—and modify, if neces-

sary—its holding announced in *Stephens,* particularly in light of the amended version of Indiana Code section 35–38–2–3(g)(3).

The judgment of the trial court is affirmed.

RILEY, J., concurs.

MATHIAS, J., concur in result with opinion.

MATHIAS, Judge, concurring in result.

I concur in result but respectfully disagree with the majority's discussion of *Stephens v. State,* 818 N.E.2d 936 (Ind.2004).

In *Stephens,* our Supreme Court clearly held, "a trial court has the statutory authority to order executed time following revocation of probation that is less than the length of the sentence originally suspended, *so long as, when combined with the executed time previously ordered, the total sentence is not less than the statutory minimum.*" *Id.* at 942 (emphasis added). However, the majority concludes, "we simply cannot contemplate that our Supreme Court meant that the sentencing formula announced in *Stephens* must so rigidly apply in every probation revocation." Slip op. at 9.

In its interpretation of *Stephens,* the majority quotes the Supreme Court's statements concerning the importance of Indiana's trial judges having "the flexibility both to use and to terminate probation when appropriate." Slip op. at 6 (quoting *Stephens,* 818 N.E.2d at 941–42). I believe that flexibility language was a response to our court's vacated opinion in *Stephens,* which held that under Indiana Code section 35–38–2–3(g) a trial court must order execution of the entire amount of the suspended sentence imposed at the time of initial sentencing.

Therefore, contrary to the majority's conclusion, I believe the language in *Stephens* is unambiguous. Unless and until our Supreme Court modifies or clarifies its *Stephens* holding, under the current state of the law, I believe that when a trial court revokes a defendant's probation, any executed time imposed, when combined with any executed time previously ordered and served, must at least equal the statutory minimum sentence.