DANNY D. GIRTMAN, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 18A02-0608-CR-627.
Court of Appeals of Indiana.
December 14, 2006.
STEVEN J. BRUCE, Muncie, Indiana, ATTORNEYFOR APPELLANT.
STEVE CARTER, Attorney General of Indiana, ELLEN H. MEILAENDER, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
FRIEDLANDER, Judge.
Danny D. Girtman appeals the revocation of his probation on grounds that the evidence did not support the trial court's determination that he violated the conditions of probation.
We affirm.
The facts favorable to revocation are that Girtman pled guilty to operating a vehicle while intoxicated as a class D felony, in exchange for which the State agreed to dismiss a charge of operating a vehicle with a blood-alcohol content of .15 or more. The plea agreement specified that Girtman would receive an eighteen-month sentence, all but ten days of which would be suspended to supervised probation. The trial court accepted that agreement on March 9, 2005 and entered judgment accordingly, imposing a set of conditions for probation. The following conditions are germane to this appeal: That Girtman (1) report regularly to his probation officer; (2) report any changes in his address to his probation officer within forty-eight hours of the change; (3) pay a $100 fine and $136.50 in court costs; (4) pay probation-related expenses, including an initial fee of $200, plus $30 per month thereafter; and (5) complete a three-step, substance-abuse treatment program.
The court noted in September and October 2005 that Girtman had failed to pay the fines and court costs imposed as conditions of probation. Girtman failed to appear at a February 2006 hearing to address those delinquencies. Probation officer Melissa Jones was assigned to supervise Girtman's probation. At first, Girtman abided by the requirement to report to her regularly. He failed, however, to report as scheduled on January 13, 2006, and never reported to Jones after that. Although he initially lived at "the Mission," Transcript at 4, he moved out at some point and did not provide Jones with his new address. Jones testified at the July 26, 2006 revocation hearing that she "[did not] know what happened to him after that." Id. At the time of the hearing, Girtman had not provided proof that he had completed the third and final phase of his substance-abuse treatment program.
On March 13, 2006, a petition for revocation of Girtman's probation was filed, alleging violation of each of the five conditions enumerated above. On May 24, an amended petition to revoke probation was filed, this one adding the allegation that, while on probation, Girtman had been arrested and charged with three misdemeanor criminal offenses, one of which was alcohol-related. After receiving evidence at the revocation hearing, the court revoked probation upon the following violations: "He failed to report to the probation officer, failed to inform of current address, failed to pay the court costs, failed to complete substance abuse." Id. at 9.
Girtman contests the revocation of his probation, contending essentially that the evidence does not support the decision. Yet, Girtman challenges only two of the trial court's findings of violations: he contends the evidence was insufficient to prove he violated the condition that he complete a substance-abuse program, and the evidence was insufficient to prove he violated the condition that he pay court costs. He does not challenge the findings that he violated the other two conditions of probation.
As the trial court stated at Girtman's revocation hearing, probation is a favor granted by the State, not a right to which he is entitled. Podlusky v. State, 839 N.E.2d 198 (Ind. Ct. App. 2005). Even accepting for the sake of argument that the trial court erred in identifying two of the violations, two other violations remain. "If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation." Watson v. State, 833 N.E.2d 497, 500 (Ind. Ct. App. 2005) (emphasis supplied). Because there were two unchallenged violations found by the trial court, the decision to revoke is affirmed.
Judgment affirmed.
KIRSCH, C.J., and RILEY, J., concur.