**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**PAUL J. PACIOR**
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

FILED
Sep 04 2012, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES B. DIETZEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  29A02-1112-CR-1104 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Steven R. Nation, Judge
Cause No.  29D01-0503-FD-54

**September 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Charles B. Dietzen a/k/a Timothy Livpakka and Timothy Luipakks appeals the trial court's order reinstating his suspended sentence.

We affirm.

## ISSUE

Whether the trial court abused its discretion in sentencing Dietzen to the balance of his suspended sentence after he violated the terms of probation.

## FACTS

On March 30, 2005, while in a supermarket in Fishers, Dietzen stashed three packages of beef inside the waistband of his pants, covered his pants with his coat, and attempted to leave the store without paying for the items. A loss prevention employee stopped him and the police were called.

Dietzen was arrested and charged with theft, a class D felony, and criminal trespass, a class A misdemeanor. On June 30, 2005, Dietzen entered into a plea agreement in which he agreed to plead guilty to the theft charge and in which the State recommended that Dietzen receive a three-year sentence, all suspended except for time served, and one year of probation. The trial court imposed the recommended sentence, placing Dietzen on probation on the same day as the guilty plea hearing. The State dismissed the criminal trespass charge.

Dietzen was informed of the conditions of his probation and of the possibility of revocation of probation should he violate those conditions. At the hearing, Dietzen was

2

specifically advised that he would have to remain in Indiana until the probation department could arrange transfer of his probation to Wisconsin. Dietzen signed the "Order of Probation," which informed him of the conditions of probation, including the requirements that he would (1) regularly report to the Hamilton Probation Department; (2) notify his probation officer of any change of address, telephone number, or employment status within twenty-four hours of the change; (3) obtain consent of his probation officer before leaving Indiana; and (4) comply with all local, state, and federal laws.

He reported to probation on four occasions, with the last report occurring on October 31, 2005. On December 8, 2005, the probation department filed an "Information of Violation of Probation," alleging that Dietzen "failed to show up for his November 23, 2005 probation appointment" and that Dietzen "failed to let the probation department know of his current address or telephone number[, as] Mr. Dietzen's whereabouts are at this time unknown." (App. 43).

Dietzen's whereabouts remained unknown for almost six years. On July 19, 2011, the Hamilton Probation Department was informed by Marion County court staff that Marion County had in its custody an individual named Timothy Livpakka, a person that Marion County officials believed was Dietzen. A comparison of fingerprints proved that Marion County officials were correct.

On November 17, 2011, a Hamilton court held a probation revocation hearing. At the hearing, a Hamilton County Adult Probation Violation Officer testified that in 2005 Dietzen had absconded to Wisconsin and then Minnesota. The officer further testified that Dietzen returned to Indiana in 2006 and was arrested for possession of paraphernalia, operating a vehicle without a license, and resisting law enforcement.[1] In 2011, Dietzen again returned to Indiana where he was charged with auto theft and receiving stolen parts. He was convicted on the auto theft charge, for which he received a sentence of one and one-half years. It was at this time that Marion County notified Hamilton County of Dietzen's whereabouts.

Dietzen admitted that the probation officer's testimony was accurate, and when asked why he did not report to probation while he was in Indiana, he stated that he was only in the State for "a minute." (Tr. 37). Dietzen testified Minnesota detained him for traffic violations while he was there. He further testified that he used his aliases as "just a driving thing." (Tr. 34).

At the conclusion of the probation hearing, the deputy prosecutor argued:

[I]f you look at his criminal history and what's gone on, I mean he's a person who steals things. And he was given the opportunity by this Court to be on probation and just abide by the terms of probation and he would have been done. Instead, he chose to leave, not report. According to probation, he stopped reporting in October [of 2005]. He was arrested in June of 2006 in Marion County . . . at the very least he could have reported back to probation and tried to settle this issue . . . He didn't do that. We

---

[1] The record does not disclose whether convictions resulted from this arrest.

would have really never found out about him if he hadn't come back for more than a minute, I guess, in February and [was] re-arrested and we got notified somehow by Marion County . . . He's not taking responsibility for his actions. He's not taking responsibility for what he was supposed to be doing on probation. He just thinks he should get a walk and I don't think he should. I think that every time he's here, he's getting in trouble and that he should [serve] the rest of his time.

(Tr. 39).

The trial court found that Dietzen violated the terms of his probation and ordered him to serve the suspended portion of his sentence. In its "Order of November 17, 2011," the trial court noted that Dietzen "has 438 actual days remaining on his sentence." (App. 61).

## DECISION

Probation is a conditional liberty, and the "granting of a conditional liberty is a favor and not a right." *Baker v. State*, 894 N.E.2d 594, 597 (Ind. Ct. App. (Ind. Ct. App. 2008). The trial court's decision of whether to grant probation is a matter within its sound discretion. *Monday v. State*, 671 N.E.2d 467, 468 (Ind. Ct. App. 1996). A trial court may revoke a person's probation upon evidence of the violation of a single term of probation. *Washington v. State*, 758 N.E.2d 1014, 1017 (Ind. Ct. App. 2001). We review a trial court's decision to revoke probation for an abuse of discretion. *Podlusky v. State*, 839 N.E.2d 198, 200 (Ind. Ct. App. 2005). Furthermore, we review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Id.*

5

Indiana Code section 35-38-2-3(h)(3) provides that if the trial court finds that a person has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of the initial sentencing." Here, Dietzen contends that based on the circumstances of the case, the trial court should not have ordered execution of his entire suspended sentence. He argues that the trial court abused its decision, as the decision is clearly against the logic and effect of the facts and circumstances. He cites *Podlusky* in support of his argument.

Initially, we observe that contrary to Dietzen's contention, we did not in *Podlusky* reverse the trial court's decision to order execution of the probationer's entire suspended sentence. We noted that a trial court may encounter instances where imposition of less than the entire suspended sentence is warranted, "including, possibly the one that is before us today," but we did not make such a finding, and we affirmed the trial court's order requiring the defendant to serve her entire suspended sentence. 839 N.E.2d at 202. The crux of the opinion was to examine the provisions of the version of Indiana Code section 35-38-1-3 as the statute existed at that time.

We also observe that a defendant may not collaterally challenge his underlying sentence on appeal from a probation revocation. *Podlusky*, 839 N.E.2d at 200. To the extent that Dietzen is arguing that the reinstated sentence is too lengthy under the facts of the underlying theft conviction, we observe that (1) he pled guilty under an agreement that informed him of the State's sentencing recommendation; (2) he chose to abscond

rather than appeal the length of the sentence; and (3) he cannot now challenge the sentence.

To the extent that Dietzen is arguing that failure to report and failure to inform his probation officer of his address changes is insufficient to warrant a fully reinstated sentence, we observe that these failures completely eliminated the probation department's ability to perform its function of monitoring Dietzen's activities. The importance of these failures is illustrated by the criminal activities that Dietzen admits to engaging in during the time he was not reporting to or informing the probation department as required by the conditions of his probation.

We cannot say that the trial court abused its discretion in ordering that Dietzen serve the entire suspended sentence.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.