## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 27 2017, 10:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jhontay L. Whitesides,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 27, 2017

Court of Appeals Case No.
84A05-1703-CR-516

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1307-FD-2084
84D01-1508-F3-2017

**Mathias, Judge.**

[1]     Jhontay Whitesides ("Whitesides") admitted to several probation violations in Vigo Superior Court. As a result, the trial court revoked his direct placement

and probation. In this appeal, Whitesides claims that the trial court abused its discretion by ignoring mitigation evidence and by ordering him to serve seven years of his previously suspended sentence in the Department of Correction.

[2] We affirm.

## Facts and Procedural History

[3] On August 26, 2015, Whitesides was charged with Level 3 felony armed robbery and Level 3 felony criminal confinement. Whitesides pleaded guilty, and on September 27, 2016, he was sentenced to ten years, with six years executed in Community Corrections on work release and four years suspended to probation.[1]

[4] Between October 2016 and January 2017, Whitesides violated the conditions of his direct placement and probation several times. He committed an escape violation because his whereabouts were unknown for over two hours. He was found in possession of or using tobacco on three occasions. He tested positive for alcohol in one incident, and in another, he was fired from his job for consuming alcohol to the point where he was hospitalized. He was cited for a punctuality and attendance violation as well as for refusing to follow an order. Additionally, he was arrested and removed from work release for possessing a

---

[1] In a March 30, 2017, unpublished decision, we held that the trial court did not abuse its discretion when imposing Whitesides's sentence. *Whitesides v. State*, No. 84A01-1610-CR-2424, 2017 WL 1179627, at *3 (Ind. Ct. App. Mar. 30, 2017).

synthetic drug. Due to these infractions, the State filed a Petition to Revoke Direct Placement and/or Probation ("the Petition") on January 17, 2017.

[5] On February 7, 2017, a hearing was held on the Petition. During the hearing, Whitesides admitted to all of the facts and violations included in the Petition. After hearing evidence from both sides, the trial court revoked Whitesides's direct placement and probation. The court explained, "your history is littered with probation violations. I mean you just, everything we've try [sic] you don't do. You haven't given me any options to work with." Tr. p. 18. As a result, Whitesides was ordered to serve seven years of his original sentence in the Indiana Department of Correction[2] with three years suspended to formal probation. Whitesides now appeals.

## Discussion and Decision

[6] Whitesides presents two issues for our review, which we restate as the single issue of whether the trial court abused its discretion when it ordered him to serve seven years in the Department of Correction for his violations of work release and probation.

[7] We review a trial court's decision to revoke probation and a trial court's sentencing decision in a probation revocation proceeding for an abuse of

---

[2] The court ordered purposeful incarceration and recommended that Whitesides be placed in the PLUS (Purposeful Living Units Served) program. Additionally, the trial court informed Whitesides that he could petition the court for modification after completing the PLUS program and that it would "consider you [sic] place in either Community Corrections or back to probation depending on what kind of record you give me on the motion to modify." Tr. p. 18.

discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Berry v. State*, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009).

[8] To revoke probation, the trial court must make two determinations under Indiana Code section 35-38-2-3. First, the court must find that a violation has occurred by a preponderance of the evidence. I.C. § 35-38-2-3(f). Second, if this threshold is met, the trial court has three options: (1) continue the person on probation, with or without modifying or enlarging the conditions, (2) extend the person's probationary period for not more than one year beyond the original probationary period, or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. I.C. § 35-38-2-3(h).

[9] Here, the court did not need to find that the allegations were proven by a preponderance of the evidence, because Whitesides admitted to all of them at his hearing.[3] Whitesides's primary argument is that "the trial court abused it's [sic] discretion in sentencing him to incarceration, rather than allowing a sentence which would [e]nsure treatment."[4] Appellant's Br. at 10. We disagree.

---

[3] The State indicated eleven violations between October 25, 2016, and January 17, 2017. Appellant's App. pp. 30–31.

[4] Whitesides also argues that the trial court abused its discretion by failing to acknowledge "the mitigating factor of Mr. Whitesides'[s] addiction." Appellant's Br. at 9. We first note that the trial court did acknowledge his addiction when it recommended he be placed in the PLUS Program while incarcerated. However, even if it had not, our court has consistently held "that trial courts are not required to balance

[10] We first note, that after Whitesides admitted to various probation violations, it was well within the trial court's discretion to revoke his direct placement and probation and order him to execute a portion of his suspended sentence. *See* I.C. § 35-38-2-3(h)(3); *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007), (holding a single violation is sufficient to revoke probation), *trans. denied*. Further, despite Whitesides's contrary assertions, he has been afforded the opportunity for treatment over the past several years by the court. In 2012, Whitesides was ordered to complete the A&D program. In 2016, MATRIX and other substance abuse programming was ordered as part of the probation underlying this case. And here, the trial court ordered purposeful incarceration in the PLUS program, and made it clear to Whitesides that it would consider modifying his sentence after completion of the program. Tr. p. 18.

[11] Additionally, at the revocation hearing, Whitesides's case manager was asked, "is there anything that you could do to take him back or any program he could be placed in through Community Corrections to get the help that he needs with substance abuse problems?" Tr. p. 9. He responded, "Our recommendation is that he's not appropriate for either of our programs." *Id.* The court then explained to Whitesides, "I mean you just, everything we've try [sic] you don't do. You haven't give me any options to work with." *Id.* at 18; *see Jones*, 838 N.E.2d at 1148 (explaining that this court has stated on numerous occasions

aggravating or mitigating circumstances when imposing sentence in a probation revocation proceeding." *Treece v. State*, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014), *trans. denied* (citations omitted).

that a defendant is not entitled to serve a sentence in a probation program, but rather a probationary placement is a "matter of grace," and "not a right") (citations omitted).

[12] Four probation violations had been filed against Whitesides prior to the current offense, and each time the trial court permitted him to continue on probation with modified conditions. After this fifth filing, the trial court's order that Whitesides serve seven years of his original sentence in the Department of Correction is not an abuse of discretion. *See, e.g., Sandlin v. State,* 823 N.E.2d 1197, 1198 (Ind. 2005) (affirming the trial court's decision to order the defendant to serve his entire four-year suspended sentence for violating probation); *Cox v. State*, 850 N.E.2d 485, 491 (Ind. Ct. App. 2006) (holding that the trial court did not abuse its discretion by ordering the defendant to serve his entire suspended sentence after finding two violations); *Sanders v. State*, 825 N.E.2d 952, 958 (Ind. Ct. App. 2005) (ordering defendant to serve the entirety of her suspended sentence where she admitted to probation violations was not an abuse of discretion), *trans. denied.*

## Conclusion

[13] For the foregoing reasons, we affirm the trial court's revocation of Whitesides's probation and the sanctions it imposed.

[14] Affirmed.

Vaidik, C.J., and Crone, J., concur.