**Steven R. MENIFEE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A05–9201–CR–11.**

Court of Appeals of Indiana, Fourth District.

Jan. 19, 1993.

Geoffrey B. Yelton, Anderson, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

## ON PETITION FOR REHEARING

CONOVER, Judge.

Steven R. Menifee petitions for rehearing asserting we erred in affirming the trial court's re-institution of sentences after his probation violations, 600 N.E.2d 967. Menifee specifically contends we did not follow *Reffett v. State* (1991), Ind., 571 N.E.2d 1227, and did not recognize he had a "contract" with the trial court which limited his sentence to 5½ years instead of the 15½ year sentence originally and subsequently imposed.

We disagree with both of Menifee's contentions. However, we will discuss these contentions to clarify our original opinion.

In *Reffett*, the trial court accepted a plea agreement without first having read a presentence report subsequently prepared. After reading the report, the court disavowed the plea agreement. On appeal, our supreme court held a trial court may accept or reject a plea agreement in its discretion, but after accepting the plea, the court is "bound by its terms" under IND.CODE 35–35–3–3.

In the present case, the trial court originally accepted a plea agreement which gave Menifee eight years suspended with four years on probation for Attempted Robbery and six years with one year executed and five years on probation for Burglary. When a new charge was filed, the trial court accepted a new plea agreement apparently believing Menifee would benefit from alternative sentencing. In consequence it sentenced Menifee to a 5½ year term at Riverside Correctional Hospital. Even though Menifee later was thrown out of Riverside as an incorrigible, the trial court still attempted to allow Menifee the benefit of alternative sentencing through home detention. After Menifee violated the conditions of home detention, the trial court realized the intent of the plea agreement, i.e. rehabilitation through a 5½ year period of alternative sentencing, could not be accomplished because of Menifee's violations. It then imposed the original sentences for attempted Robbery and Burglary plus a sentence for Theft, totaling 15½ years total imprisonment, all without probation or alternative sentencing.

██ The trial court fully complied with the requirements of IC 35–35–3–3 and sentenced Menifee in accordance with the terms set out in the plea agreement. However, once Menifee's actions rendered the plea agreement unworkable, the court was not bound by the terms of the agreement and correctly re-instituted the sentences set out in the original agreement.

██ With reference to Menifee's contract argument, we agree that the "principles of contract law can provide guidance in the consideration of plea agreements." *Spivey v. State* (1990), Ind.App., 553 N.E.2d 508, 510. However, plea agreements, like contracts, cannot normally be unilaterally broken by the defendant with impunity or without consequence. *Id.* (*citing U.S. v. Reardon* (10th Cir.1986), 787 F.2d 512). Menifee's actions constituted a

breach of the contract; the consequence was re-institution of the original sentences.

Rehearing denied.

CHEZEM, J., and RATLIFF, Senior Judge, concur.