Matthew McKNIGHT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 89A01–0209–CR–371.

Court of Appeals of Indiana.

April 25, 2003.

Amy K. Noe, Arnold & Noe, LLP, Richmond, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Matthew McKnight (McKnight), appeals the revocation of his probation for his convictions of

burglary, a Class B felony, Ind.Code § 35–43–2–1 and I.C. § 35–41–2–4, and attempted burglary, a Class B felony, I.C. § 35–41–5–1, I.C. § 35–43–2–1 and I.C. § 35–41–2–4.

We affirm.

### ISSUES

McKnight raises two issues on appeal, which we restate as follows:

1. Whether the trial court violated his Fifth Amendment rights when it allowed the State to call him to testify about possible incriminating matters.

2. Whether the trial court properly revoked eighty-four months of his probation.

### FACTS AND PROCEDURAL HISTORY

On April 7, 1998, the State filed an information against McKnight charging him with Count I, burglary, a Class B felony, and Count II, attempted burglary, a Class B felony. On December 3, 1998, McKnight signed a plea agreement. On December 11, 1998, a joint sentence recommendation was filed.

On February 5, 1999, the trial court accepted McKnight's plea agreement and convicted him of Count I, burglary, a Class B felony, and Count II, attempted burglary, a Class B felony. The trial court sentenced McKnight to ten years with 100 months suspended on Count I and to ten years with 100 months suspended on Count II. The trial court further ordered McKnight to serve these sentences concurrently.

On May 3, 2001, the State filed a Petition to Revoke Probation. The petition alleged the following: McKnight, a minor, consumed alcohol and pled guilty to minor consuming alcoholic beverage, operated a motor vehicle while intoxicated, operated a vehicle without a drivers license, and operated a motor vehicle while under the influence of a controlled substance. Additionally, the petition claimed that McKnight failed to report to his probation officer. Specifically, McKnight attempted to deceive his probation officer, failed to pay his monthly probation fees, failed to perform his community service, and failed to show proof of gainful employment.

On August 21, 2002, a probation revocation hearing was held. The State called on McKnight to testify. McKnight objected on Fifth Amendment grounds. The trial court asked the State what kind of questions it planned on asking McKnight. Specifically, the State represented to the trial court that it intended to elicit testimony from McKnight regarding his prior arrest and conviction for minor consumption of an alcoholic beverage. Additionally, the State intended to ask McKnight about his arrest that led to the following charges: operating a vehicle while intoxicated, operating a vehicle without a driver's license, and operating a vehicle while under the influence of a controlled substance. The State informed the trial court that it did not intend to question McKnight about his culpability in these offenses. Moreover, the State wanted to ask McKnight about his probation violations. The trial court allowed the State to call McKnight on direct examination. The trial court informed McKnight's counsel that he could object to this testimony based on a Fifth Amendment violation after a question was asked. The trial court would then rule on the admissibility of each specific question.

McKnight testified that he was convicted of minor consumption of an alcoholic beverage, a Class C misdemeanor, on December 8, 2000. He also testified that after his arrest for the minor consumption charge, he informed his probation officer that he had not had any arrests or encounters with law enforcement. McKnight further admitted that he failed to attend meetings with his probation officer. Additionally, McKnight testified that on March

23, 2001, he encountered the Wayne County Sheriff's Department and that he was not certain whether he reported the encounter to his probation officer as required within seventy-two hours. He also testified that he failed to pay his probation user fees, to perform his community service, and to provide verification of employment.

Pamela Waters, McKnight's probation officer, also testified at the probation revocation hearing on August 21, 2002. Water testified that McKnight failed to report his December 1, 2000 arrest within the required seventy-two hours. She further testified that McKnight filled out a sheet before their meeting on December 2, 2000 and circled that he did not have any contact with law enforcement in violation of the terms and conditions of his probation. Additionally, Waters stated that McKnight failed to meet with her from March, 2001 through May, 2002 and that McKnight failed to pay his probation user fees during this time.

As a result, the trial court determined that McKnight violated the terms and conditions of his probation. Accordingly, on August 27, 2002, the trial court revoked McKnight's probation. The trial court sentenced McKnight to eighty-four months of the remaining ninety-one months of his sentence. The trial court granted five days credit time.

McKnight now appeals.

## DISCUSSION AND DECISION

### I. *Fifth Amendment Privilege*

McKnight argues that his Fifth Amendment privilege against self-incrimination was violated. Specifically, McKnight contends that his Fifth Amendment right was violated when the trial court compelled him to testify about possibly incriminating matters, *i.e.* a previous conviction and a pending charge.

■ The Fifth Amendment to the United States Constitution states that "no person ... shall be compelled in any criminal case to be a witness against himself." *Packer v. State*, 777 N.E.2d 733, 738 (Ind. Ct.App.2002) (quoting U.S. CONST. amend. V). It has long been held that the privilege against self-incrimination applies not only to a defendant in a criminal trial but also applies to parties in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate them in future criminal proceedings. *Pitman v. State*, 749 N.E.2d 557, 561 (Ind.Ct.App.2001), *reh'g denied, trans. denied.* The extent of the privilege, however, depends in part upon the type of proceeding in which it is claimed. *Id.* For example, a probationer is not entitled to the Fifth Amendment right against self-incrimination to the same extent, as is a defendant at a criminal trial; rather, a probationer is protected by the Fifth Amendment from answering any questions where those answers could be used against him or her in any subsequent criminal proceedings. *Id.* at 561. More specifically, while a probationer may invoke his Fifth Amendment privilege against self-incrimination with regard to any questions that may incriminate him in a subsequent criminal prosecution, he is not entitled to invoke the privilege with regard to basic identifying information and any disclosures that are necessary to effectively monitor his probation. *Id.* at 561.

■ In the instant case, we find that McKnight's Fifth Amendment right against self-incrimination was not violated when the trial court allowed the State to elicit testimony from McKnight regarding criminal matters. Specifically, the record reveals that the State asked McKnight whether he was convicted on December 8, 2000, of a minor consuming alcoholic beverage charge. McKnight objected to the

question on Fifth Amendment grounds. However, the trial court overruled the objection. The State repeated the questions and McKnight answered, "[Y]es." (Tr. p. 83). This question did not pertain to a pending criminal charge; rather, it pertained to an offense for which he was already convicted. *See State v. Cass,* 635 N.E.2d 225, 227 (Ind.Ct.App.1994), *trans. denied.* (holding that where a defendant has already been convicted of the crime at issue, any question asked by the State merely serves to identify the defendant as the perpetrator of that crime; thus, the defendant is not entitled to Fifth Amendment rights). Therefore, we find that the trial court properly found that this question did not implicate McKnight's Fifth Amendment right against self-incrimination.

■ Moreover, the State asked McKnight about his encounter on March 23, 2001, with the Wayne County Sheriff's Department. Again, McKnight objected on Fifth Amendment grounds. However, the trial court allowed the question. The record reflects that McKnight testified, "Yes, I remember that." (Tr. p. 91). Then, the State asked McKnight whether he reported the encounter to his probation officer within seventy-two hours as required by the terms of his probation. McKnight answered, "I'm not sure." (Tr. p. 92). Clearly, the record shows that the State did not ask McKnight any questions about the nature of the encounter. Because none of the questions asked by the State to McKnight elicited answers that could have implicated him in a pending criminal matter, we conclude that the trial court did not violate McKnight's right against self-incrimination. *See Pitman,* 749 N.E.2d at 561–62.

## II. *Revocation of Probation*

■ Lastly, McKnight maintains that the trial court improperly revoked his probation. Specifically, McKnight asserts that the trial court's revocation of eighty-four of the possible ninety-one months of his sentence was excessive.

In *Goonen v. State,* 705 N.E.2d 209, 212 (Ind.Ct.App.1999), this court held that, with respect to probation revocation, we will only review the trial court's decision for an abuse of discretion. *Goonen* further held that "so long as the proper procedures have been followed in conducting a probation revocation hearing pursuant to Indiana Code Section 35–38–2–3, the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Id.*

I.C. § 35–38–2–3(g) provides, in relevant part, as follows:

If the court finds that the person has violated a condition at any time before the termination of the period, and the petition to revoke is filed within the probationary period, the court may:

(1) continue the person on probation, with or without modifying or enlarging the conditions;

(2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or

(3) order execution of the sentence that was suspended at the time of initial sentencing.

In the present case, the trial court adequately set forth its reasons for revoking McKnight's probation in its oral statements at the probation revocation hearing on August 21, 2002, and in its written order of revocation of sentence issued on August 27, 2002. *See Goonen,* 705 N.E.2d at 212; I.C. § 35–38–2–3(g). After considering the evidence, the trial court determined that the State proved by a preponderance of the evidence that McKnight violated the terms and conditions of his

probation. Specifically, the trial court found the following:

1. That [McKnight] has violated a criminal law during the pendency of his probation. Specifically, on or about December 1, 2000, [McKnight] committed the Class C Misdemeanor of Minor Consuming Alcoholic Beverage. On December 8, 2000, [McKnight] entered a plea of guilty to said charge in Cause No. 89C03–0012–CM–1889.

2. [McKnight] failed and refused to report to the Probation Officer at times and places and in a manner as directed by Ms. Waters. Specifically, [McKnight] failed to report to the Probation Officer for a period of time extending from March 2, 2001 to May 20, 2002.

3. [McKnight] failed to report to the Probation Officer within 72 hours of his arrest in December, 2000 as it relates to the criminal matter referred to in paragraph 1 above. Further, [McKnight] has failed to report to the Probation Officer questioning by law enforcement officers upon him in March, 2001.

4. [McKnight] knowingly made a false report and attempted to deceive his Probation Officer by failing to disclose the arrest December, 2001 as set forth above.

(Appellant's App. p. 9).

As a result of these findings, the trial court revoked seven years, *i.e.* eighty-four months, of the suspended sentence imposed upon McKnight on February 5, 1999. A probation revocation hearing is in the nature of a civil proceeding; therefore, the alleged violation need be proven only by a preponderance of the evidence. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind.Ct. App.1999). Consequently, we find that the trial court properly ordered McKnight to serve seven years of his previously sus-

pended sentence with five days credit time. *See Goonen*, 705 N.E.2d at 212; I.C. § 35–38–2–3(g).

## CONCLUSION

Based on the foregoing, we conclude that McKnight's probation was properly revoked.

Affirmed.

SHARPNACK and BARNES, JJ., concur.