**Sandy Diane PUGH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0310–CR–934.

Court of Appeals of Indiana.

March 3, 2004.

David W. Stone IV, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Sandy Diane Pugh appeals the trial court's revocation of her probation. On appeal she questions whether the trial court abused its discretion by ordering her to serve two years of her previously suspended sentence. We affirm in part and reverse and remand in part.

## FACTS AND PROCEDURAL HISTORY

On July 20, 2000, the State charged Pugh with public intoxication as a Class B misdemeanor,[1] resisting law enforcement as a Class A misdemeanor,[2] and escape as a Class C felony,[3] and alleged that she was an habitual offender.[4] Pugh pled guilty to public intoxication, resisting law enforcement, and escape, and the State dismissed the habitual offender allegation. The trial court sentenced Pugh to five years imprisonment, but it suspended three and a half years and placed Pugh on probation for those three and a half years.

On May 10, 2003, Pugh had been drinking vodka when her neighbor, Althea Reeves, approached her door to ask Pugh for a cigarette. The two began having a physical altercation, and then Reeves began to walk away. Pugh grabbed a mop handle, hit the back of Reeves' head twice with the stick, and then went home. Reeves called the police, who arrested Pugh for public intoxication.

On May 14, 2003, the State filed a notice of probation violation alleging Pugh violated curfew, used alcoholic beverages or illicit drugs, and had been charged with battery, a Class C felony,[5] and public intoxication, a Class B misdemeanor. The trial court found Pugh violated her probation by using alcohol. The court revoked Pugh's probation and ordered her to serve two years of her previously suspended sentence.

## DISCUSSION AND DECISION

■ Pugh claims the trial court abused its discretion by revoking her probation when her only probation violation was consuming alcohol. We disagree.

■ We review the trial court's decision to revoke probation for an abuse of discretion. *Crump v. State*, 740 N.E.2d 564, 573 (Ind.Ct.App.2000), *trans. denied* 753 N.E.2d 7 (Ind.2001). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Brattain v. State*, 777 N.E.2d 774, 776 (Ind.Ct.App. 2002). Generally speaking, as long as the trial court follows the procedures outlined in Ind.Code § 35–38–2–3, the court may properly order execution of a suspended sentence. *Crump*, 740 N.E.2d at 573.

Ind.Code § 35–38–2–3(g) provides the trial court may take one of three actions if the court finds the person "violated a condition" of probation:

(1) continue the person on probation, with or without modifying or enlarging the conditions;

(2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or

(3) order execution of the sentence that was suspended at the time of initial sentencing.

---

1. Ind.Code § 7.1–5–1–3.

2. Ind.Code § 35–44–3–3(a)(1).

3. Ind.Code § 35–44–3–5(a).

4. Ind.Code § 35–50–2–8.

5. Ind.Code § 35–42–2–1(a)(3).

(emphasis added). We have repeatedly noted the violation of a single condition of probation is sufficient to permit a trial court to revoke probation. *See, e.g., Smith v. State,* 727 N.E.2d 763, 766 (Ind.Ct.App. 2000); *Brooks v. State,* 692 N.E.2d 951, 953–54 (Ind.Ct.App.1998), *reh'g denied, trans. denied* 706 N.E.2d 166 (Ind.1998); *Menifee v. State,* 600 N.E.2d 967, 970 (Ind. Ct.App.1992), *clarified on other grounds on denial of reh'g* 605 N.E.2d 1207 (Ind.Ct. App.1993).

As we have explained:

[T]he granting of a conditional liberty is a favor and not a right. When a trial court grants a defendant probation in lieu of an executed sentence, the trial court is taking many aspects of the defendant's character into account. When the defendant commits a crime or violates a term of the probation, the trial court should be able to weigh that violation in its reevaluation of whether the defendant should be or should have been granted probation.... Once a defendant has been sentenced, the court may revoke or modify probation, upon a proper showing of a violation, at any time before the completion of the probationary period.

*Gardner v. State,* 678 N.E.2d 398, 401 (Ind.Ct.App.1997) (internal citations and footnote omitted).

Pugh claims the trial court abused its discretion by revoking her probation because her only probation violation was drinking vodka. Courts of this state have held on numerous occasions that the use of alcohol or drugs was sufficient to support the trial court's revocation of probation. *See, e.g., Cox v. State,* 706 N.E.2d 547, 552 (Ind.1999) (holding defendant's positive urinalysis test for marijuana use was sufficient to support revocation of defendant's probation), *reh'g denied; Crump,* 740 N.E.2d at 573 (holding trial court did not abuse discretion by ordering defendant to serve suspended sentence when probation revoked for consumption of alcohol); *Kincaid v. State,* 736 N.E.2d 1257, 1259 (Ind. Ct.App.2000) (holding trial court's order that defendant return to prison for violating probation by using cocaine was not excessive), *reh'g denied; Ewing v. State,* 160 Ind.App. 138, 310 N.E.2d 571, 579 (1974) (holding trial court did not abuse its discretion in revoking defendant's probation when urinalysis tested positive for use of morphine), *overruled on other grounds by Hoffa v. State,* 267 Ind. 133, 135, 368 N.E.2d 250, 252 (Ind.1977).

We cannot say the trial court abused its discretion by ordering Pugh to return to prison. Pugh claims she had only an inch of vodka from a half pint bottle; however, Officer Grant testified he believed she was intoxicated based on her unsteady balance, slurred speech, red eyes, and strong odor of alcohol. While intoxicated, Pugh got into a physical altercation that resulted in injuries to both herself and another woman.[6] We find no abuse of discretion in the court's revocation of probation.

■ Nevertheless, the trial court erred under Ind.Code § 35–38–2–3(g) when it ordered Pugh incarcerated for two years. As another panel of this court recently explained, if a trial court specifically "revokes" probation, only subsection (3)(g)(3) applies and the trial court must, as the statute plainly provides, "order execution of the sentence that was suspended at the time of initial sentencing." *Stephens v. State,* 801 N.E.2d 1288, 1292 (Ind.Ct.App.

---

**6.** At the hearing on the petition to revoke probation, Pugh admitted she "whopped" Reeves with a "mop handle" as Reeves "was goin' [sic] out the gate" to leave Pugh's property. (Tr. at 48.) Based on that testimony, the trial court could also have found Pugh violated her probation by committing battery.

2004) ("Thus when a trial court revokes probation, the court has no alternative under Ind.Code § 35–38–2–3(g)(3) but to order execution of the entire sentence suspended at the time of the initial sentence."). Accordingly, the trial court acted outside its jurisdiction when it ordered Pugh to serve two years of her previously suspended sentence. See id. We remand for resentencing in accordance with Ind. Code § 35–38–2–3(g) as explained in Stephens.[7]

Affirmed in part and reversed and remanded in part.

NAJAM, J., concurs.

BAKER, J., concurring in part and dissenting in part with opinion.

BAKER, Judge, concurring in part and dissenting in part.

I concur in the majority's finding that the trial court properly revoked Pugh's probation. However, I respectfully disagree with the conclusion that the trial court must order execution of the entire sentence that was suspended at the time of the initial sentence.

In the case that the majority relies on, Stephens v. State, 801 N.E.2d 1288 (Ind.Ct.

---

[7]. The dissent suggests the interpretation of Ind.Code § 35–38–2–3 articulated in Stephens and adopted by the majority of this panel amounts to "nothing more than legal hair-splitting." Op. at 206. We disagree.

We have a duty to "implement legislative intent by 'giving effect to the ordinary and plain meaning of the language used in the statute.'" State v. Rans, 739 N.E.2d 164, 166 (Ind.Ct.App.2000) (quoting Clifft v. Ind. Dep't of State Revenue, 660 N.E.2d 310, 316 (Ind. 1995)), trans. denied 753 N.E.2d 4 (Ind.2001). The ordinary and plain meaning of the language used in Ind.Code § 35–38–2–3(g) is that once a trial court "revokes" the defendant's probation, the court has no alternative but to impose the full suspended sentence. If the trial court wishes to order a period of incarceration shorter than "the sentence that was suspended at the time of initial sentencing," id., the trial court needs to "continue the person on probation" pursuant to Ind. Code § 35–38–2–3(g)(1) and order the probationer to serve a term of imprisonment pursuant to Ind.Code § 35–38–2.3(c).

Moreover, our decision to follow the plain language of the statute is not swayed by the dissent's argument that, in essence, "trial courts have always done it that way." The structure of our legal system is such that trial courts apply the law as they understand it. Until a party on appeal questions the validity of the trial court's action, appellate courts generally do not have an opportunity, nor are they permitted, to inform trial courts of the error of their ways. That trial courts have improperly interpreted a statute for a number of years does not permit us to ignore the plain language of that statute.

Contrary to the dissent's claim, prior decisions from this court have not "held that trial courts may revoke less than the entirety of a probationer's suspended sentence." Op. at 206 (emphasis added). For example, while we said "the trial court properly ordered McKnight to serve seven years of his previously suspended sentence" in McKnight v. State, 787 N.E.2d 888, 893 (Ind.Ct.App.2003), the issue raised by McKnight was whether the revocation of his probation was excessive in light of his probation violations. Similarly, in Kincaid, while we affirmed the trial court's order executing six years of a ten year suspended sentence, the issues before that panel were whether requiring Kincaid to serve more time imprisoned was excessive or violated his right to be free from double jeopardy. Kincaid, 736 N.E.2d at 1259. As those panels were not faced with the issue raised in Stephens, the dicta contained therein are inapposite.

If we know a trial court has ordered a sentence it did not have the authority to order, we have no choice but to address that sentencing issue sua sponte. Dickson v. State, 624 N.E.2d 472, 474 (Ind.Ct.App.1993). Therefore, we address this issue despite the State's failure to raise it, and our opinion has not, as the dissent asserts, "forced the trial court to [impose] all of Pugh's sentence." Op. at 206. Rather, we remand for the court to sentence in accordance with the statute, which resentencing may involve either revocation or modification of probation.

App.2004), the State argued that the trial court did not have jurisdiction to impose an executed sentence less than the original suspended four-year sentence. The *Stephens* court recognized that Indiana Code section 35–38–2–3(g)(1) allows a trial court to modify the conditions of a defendant's probation, which includes ordering the probationer to serve a prison sentence under Indiana Code section 35–38–2–2.3(c). Nonetheless, the *Stephens* court opined that revocation and modification were mutually exclusive, such that the trial court could not revoke only a part of the original sentence. The result was that if the magic word "revoke" appeared anywhere in the trial court's pronouncement, the only option was to revoke the entirety of the original sentence.

Since I have been a member of the judiciary, trial courts throughout the state have used the term "revoked but for" as shorthand to express the idea that they have modified the defendant's sentence and are imposing a period of incarceration less than that of the original sentence. I was a trial court judge for 13 and one-half years and have been a judge on this court since 1989, and I have never heard a trial court say otherwise. In short, I find the reasoning in *Stephens* to be unpersuasive.

Moreover, both *Stephens* and the present case depart from precedent that has held that trial courts may revoke less than the entirety of a probationer's suspended sentence. Indeed, the majority cites to *Kincaid v. State*, 736 N.E.2d 1257 (Ind.Ct. App.2000), in which a panel of this court upheld the trial court's order that the defendant serve six years of his ten-year suspended sentence for violating probation. Op. p. 204. *See also McKnight v. State*, 787 N.E.2d 888 (Ind.Ct.App.2003) (revoking of 84 of the possible 91 months of probation was not abuse of discretion)

Here, the majority has raised this issue sua sponte and forced the trial court to revoke all of Pugh's sentence even though the State has not argued for this result. In fact, the State argued that "[t]he trial court properly imposed *part* of Pugh's previously suspended sentence." Appellee's Br. p. 3 (emphasis added). I would hold, in accordance with precedent and with the longstanding practice of Indiana trial courts, that if a trial court revokes less than the entirety of the original sentence, the sentence is effectively modified. The arguments to the contrary in *Stephens* and the present case are nothing more than legal hair-splitting.