Sandy Diane PUGH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 48S02–0412–CR–533.

Supreme Court of Indiana.

Dec. 21, 2004.

Transfer Granted Dec. 21, 2004.

David W. Stone, IV, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General of Indiana, Attorneys for Appellee.

SULLIVAN, Justice.

The Court of Appeals held that the trial court lacked authority to order less than the entire amount of the sentence originally suspended when it revoked Defendant Sandy Diane Pugh's probation. Following our opinion in *Stephens v. State*, we hold that when a trial court revokes a defendant's probation, it may order less than the entire amount of the sentence originally suspended.

On August 28, 2000, Defendant Sandy Diane Pugh pled guilty to public intoxication, resisting law enforcement, and escape. The trial court sentenced Defendant to five years imprisonment and ordered three-and-a-half of those years suspended to probation. On May 14, 2003, the State filed a Notice of Probation Violation alleging that Pugh had been charged with battery and public intoxication, and that she violated curfew and used alcoholic beverages or illicit drugs. The trial court found that Defendant violated probation by consuming alcohol, revoked Defendant's probation, and ordered her to serve two years of executed time.

Defendant appealed the trial court's revocation of her probation. The Court of Appeals held that the trial court did not abuse its discretion in revoking Defendant's probation, and, reasoning from an earlier case, *Stephens v. State*, 801 N.E.2d 1288 (Ind.Ct.App.2004), *rev'd*, 818 N.E.2d 936 (Ind.2004), the court held *sua sponte* that the trial court lacked authority to order less than the amount of the sentence originally suspended. *Pugh v. State*, 804 N.E.2d 202, 204–05 (Ind.Ct.App.2004). We grant transfer and now affirm the trial court.

We summarily affirm the part of the Court of Appeals' opinion upholding the

trial court's decision to revoke Defendant's probation. Ind. Appellate Rule 58(A)(2).

Based on our opinion in *Stephens v. State*, we vacate that part of the Court of Appeals' opinion holding that a trial court must order the entire amount of the sentence originally suspended if it revokes a defendant's probation.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.