**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKEL, IV**
Wilkinson, Goeller, Modesitt, Wilkinson &
Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 24 2013, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL POLLACK,                    )
                                    )
    Appellant-Defendant,            )
                                    )
      vs.                          )    No. 84A04-1207-CR-374
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.             )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1109-FD-2947

April 24, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Michael Pollack's probation was revoked, and he appeals the order that he serve 464 previously-suspended days. We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 14, 2011, Pollack was charged with Class D felony intimidation[1] and Class B misdemeanor public intoxication.[2] On April 16, 2012, Pollack accepted a plea agreement for both charges. The court sentenced Pollack to two years for intimidation and 180 days for public intoxication to be served consecutively. The court gave Pollack credit for time served, and suspended the remainder of the sentence to probation. Pollack was ordered to serve the probationary period at Freebirds Solution Center, Inc., which prohibited program participants from having alcohol in their bloodstream while in the facility. On May 23, 2012, Pollack tested positive for alcohol at Freebirds, and he threatened and assaulted Freebirds staff. Based thereon, the trial court revoked Pollack's probation and ordered him to serve the previously-suspended portion of the sentence.

## DISCUSSION AND DECISION

Probation is a conditional liberty that trial courts have discretion to provide. *Lightcap v. State,* 863 N.E.2d 907, 911 (Ind. Ct. App. 2007). Trial courts set the conditions of probation and may revoke probation if a probationer violates a condition. *Cooper v. State,* 917 N.E.2d 667, 671 (Ind. 2009). Thus, whether to revoke probation in any particular case resides within the discretion of the trial court, and we review its decision for abuse of

[1] Ind. Code § 35-45-2-1.
[2] Ind. Code § 7.1-5-1-3.

2

discretion. *Id.* An abuse of discretion occurs only where the decision is against the logic and effect of the facts and circumstances before the court. *Pugh v. State*, 804 N.E.2d 202, 203 (Ind. Ct. App. 2004). A revocation hearing is a civil proceeding, which means the State's burden is to prove the violation only by a preponderance of the evidence. *Id.* If substantial evidence of probative value supports the finding of a violation, then we affirm. *Id.*

Pollack argues the trial court abused its discretion in revoking his probation and ordering him to serve his suspended sentence in the Department of Correction because he became an alcoholic at an early age and, therefore, should be given another chance to change his habits via continued probation and placement in a residential treatment facility. Pollack cites no authority that suggests probation revocation in this circumstance is an abuse of discretion.

Probation itself was Pollack's second chance, and Freebirds is a facility designed to help recovering alcoholics. Pollack violated his probation by testing positive for alcohol, failing to complete the Freebirds program, and physically and verbally attacking Freebirds staff. This is substantial evidence of probative value supporting the finding of a violation and justifying the court's decision to revoke Pollack's suspended sentence. *See Mogg v. State*, 918 N.E.2d 750 (Ind. Ct. App. 2009) (preponderance of evidence that Mogg consumed alcohol was sufficient for revocation of probation). Further, the trial court was within its discretion when it ordered Pollack to serve his previously-suspended sentence. *See* Ind. Code § 35-38-2-3(h) ("If the court finds that the person has violated a condition [of probation] . . . the court may . . . [o]rder execution of all or part of the sentence that was suspended at the

time of initial sentencing.").

The trial court did not abuse its discretion when it ordered Pollack to serve his previously-suspended sentence because he violated the terms of his probation. We accordingly affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.