Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 26 2013, 5:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
Newby, Lewis, Kaminski & Jones, LLP
La Porte, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH GALVIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A03-1305-CR-174 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LA PORTE SUPERIOR COURT
The Honorable Kathleen B. Lang, Judge
Cause No. 46D01-0609-FB-149

**November 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Kenneth Galvin tested positive for cocaine while on probation. He later admitted using cocaine and marijuana in violation of the terms of his probation. The trial court revoked Galvin's probation and ordered him to serve his entire previously suspended five-year sentence in the Indiana Department of Correction, with credit for time served. Galvin argues that this was error because he had turned his life around and committed only a minor violation. Finding no error, we affirm the trial court.

**Facts and Procedural History**

In 2008, Galvin pled guilty to one count of sexual misconduct with a minor, a Class B felony. Galvin was sentenced to fifteen years in the DOC, with the last five years suspended to supervised probation.

One condition of Galvin's probation was that he not use any illegal drugs. Galvin was also required to submit to random drug and alcohol testing. In September 2012, Galvin tested positive for cocaine. The State filed a motion to revoke Galvin's probation. At the probation-revocation hearing, Galvin admitted that he used cocaine and marijuana while on probation. Tr. p. 16, 22, 32. The trial court revoked Galvin's probation and ordered him to serve his previously suspended five-year sentence in the DOC, with 194 credit days.

Galvin now appeals.

**Discussion and Decision**

Galvin argues that the trial court abused its discretion when it ordered him to serve his entire previously suspended sentence, with credit for time served. We disagree.

Once a trial court has exercised its grace by ordering probation rather than incarceration, "the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable using the abuse-of-discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* If a trial court finds that a person has violated his probation before termination of the period, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h)(3).

On appeal, Galvin does not dispute the fact that he violated the terms of his probation; instead, he argues that the trial court abused its discretion by ordering him to serve his entire previously suspended sentence because he had made positive strides in his life and the violation "was an isolated incident." Appellant's Br. p. 4. Citing a number of cases from this Court, Galvin argues that his case is an outlier because he did not commit several serious probation violations.[1] *Id.* at 5-6.

But Galvin's argument is not persuasive. This Court has repeatedly held that when there is proof of a single violation of the conditions of probation, a trial court may

---

[1] Galvin also cites *Puckett v. State*, 956 N.E.2d 1182 (Ind. Ct. App. 2011), and *Pugh v. State*, 819 N.E.2d 375 (Ind. 2004), in support of his appellate claim. But *Puckett* stands for the proposition that a trial court may abuse its discretion by considering improper factors—such as leniency in a previous plea agreement—before imposing sentence. *Id.* at 1187-88. *Puckett* does not help Galvin's cause. And in *Pugh*, our Supreme Court held that when a trial court revokes a defendant's probation, it *may* order less than the entire amount of the sentence originally suspended. 819 N.E.2d at 375. Though the defendant in *Puckett* was ordered to serve less than her entire previously suspended sentence, that does not persuade us that the trial court abused its discretion in this case.

revoke probation. *See Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*; *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*; *Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997).

Here, Galvin admitted that he violated the terms of his probation at least twice—by using cocaine and marijuana.[2] The court had considerable leeway in determining how to proceed based upon Galvin's admission. We cannot say that the trial court abused its discretion in ordering Galvin to serve his entire previously suspended sentence, with credit for time served.

Affirmed.

RILEY, J., and MAY, J., concur.

---

[2] Galvin did not test positive for marijuana; he admitted his use because he "didn't want to tell secrets." Tr. p. 22. Galvin does not argue that the trial court could not consider his admission that he used marijuana while on probation.