# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 15 2019, 10:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissman
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Taylor C. Byrley
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James D. Leach,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 15, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2190<br><br>Appeal from the Jefferson Superior Court<br><br>The Honorable Michael Hensley, Judge<br><br>Trial Court Cause No.<br>39D01-1506-F5-515<br>39D01-1609-F6-826<br>39D01-1612-CM-1163 |

**Tavitas, Judge.**

# Case Summary

[1] James Leach appeals the sentence imposed after the trial court revoked his probation. We affirm.

# Issue

[2] Leach raises one issue, which we restate as whether the trial court properly ordered Leach to serve the balance of his sentence at the Department of Correction ("DOC").

# Facts

[3] On January 24, 2017, Leach pleaded guilty to several offenses and was sentenced pursuant to a plea agreement. First, Leach pleaded guilty to criminal confinement, a Level 6 felony, and domestic battery, a Class A misdemeanor.[1] Leach was sentenced to two years at the DOC, which was suspended to supervised probation.[2] Second, Leach pleaded guilty to failure to return to lawful detention, a Level 6 felony.[3] Leach was sentenced to one year and six months at the DOC with six months executed and the balance suspended to supervised probation. Finally, Leach pleaded guilty to criminal mischief, a

---

[1] Cause No. 39D01-1506-F5-515.

[2] Based on the plea agreement and the trial court's remarks at the revocation hearing, it appears that Leach was sentenced to four days of jail commitment, in addition to his two-year sentence, for the domestic battery conviction. *See* Appellant's App. Vol. II p. 33; s*ee also* Sent. Tr. Vol. II p. 11. Because it appears the four-day jail commitment was served prior to entry of the plea agreement, we will continue to reference Leach's sentence for Cause No. 39D01-1506-F5-515 as two years.

[3] Cause No. 39D01-1609-F6-826.

Class A misdemeanor.[4]  Leach was sentenced to 180 days in the Jefferson County Jail, which was suspended to supervised probation.  The sentences were to run consecutively.

[4]  On February 8, 2017, and February 14, 2017, Leach admitted to using methamphetamine after testing positive for methamphetamine during a urinalysis drug screen in violation of the terms of his probation.  As a result, on March 13, 2017, Leach entered an administrative agreement whereby Leach agreed to be "placed on a lockdown schedule for [two] weeks; [o]btain a substance abuse evaluation within [two] weeks and follow treatment recommendations; and be placed on the drug screen call line for a minimum of [sixty] days."  Appellant's App. Vol. II p. 38.  One day after the administrative agreement was signed, Leach again tested positive for methamphetamine.

[5]  On April 12, 2017, the State filed a petition to revoke Leach's probation.  In Paragraph 8 of its petition, the State alleged:

> The defendant violated this condition of probation on or about the following dates:
>
> a. February 8, 2017[,] and February 14, 2017[,] by using methamphetamine.
>
> i. Please note: On March 13, 2017, the defendant was given an administrative agreement wherein the defendant

---

[4] Cause No. 39D01-1612-CM-1163.

agreed he violated the conditions of community corrections by using methamphetamine on or about 2/8/17 and 2/14/17. As a result, the defendant agreed to be placed on a lockdown schedule for 2 weeks, obtain a substance abuse evaluation within 2 weeks, and be placed on the drug screen call line. The defendant failed to comply with this agreement by failing to call the drug screen call line on 3/17/17, 3/20/17, 3/21/17, 3/22/17, 3/23/17, and every day from 3/25/17 through 4/3/17.

> b. March 14, 2017 by using methamphetamine.

Appellant's App. Vol. II p. 46. The probation condition Leach was accused of violating stated:

> [Leach] cannot use or possess alcoholic beverages, illegal drugs, synthetic drugs, or controlled substances (unless prescribed to [Leach] by a physician).

Id. The State's petition also alleged that Leach was arrested on April 5, 2017, and charged with possession of a device used to interfere with a drug or alcohol screen, a Class B misdemeanor, in violation of the terms of his probation.

[6] After Leach's arrest in April, Leach enrolled in the Salvation Army Adult Rehab Center ("ARC") program in Fort Wayne from May 10, 2017, until June 18, 2017. Leach claims he left ARC after his wife's vehicle broke down, and she needed assistance going to and from work; however, the ARC program notified the court that Leach "went missing" on June 18th. Sent. Tr. Vol. II p. 10. The State contends Leach left ARC with another individual who appeared to be "kicked out of the program." Appellee's Br. p. 7, see also Sent. Tr. p. 30.

After his departure from ARC, Leach stated that he relapsed due to medication he was prescribed after surgery from a work injury.

[7] Leach had a revocation hearing on August 22, 2018. At the hearing, Leach admitted to only the allegations in Paragraph 8 of the State's petition. The trial court found, pursuant to Leach's admissions, that Leach had violated his probation. Accordingly, the trial court stated:

> Okay. Well, what I'll do is I'll revoke all time served plus two years and one month, and we will apply the time served first to the misdemeanor sentence, . . . and then the leftover will be applied to the felonies, and that – . . . should be four months there that we – we have to spare so that the – the revocation will be for two years and one month, and uh – it's the Court's belief that would be a sufficient amount of time for me to send you to the Department of Correction[] where I will recommend that you receive substance treatment, . . . And, hey, I can't guarantee, Mr. Leach, you'll get treatment, but uh – I think that you know that will give him every chance that – possible to get the treatment, but I can't guarantee it. You know, we've given you several chances here, and uh – you know, it sounds like, you know, maybe you've found your way now, but you know uh – you – you have failed to report to incarceration once. I released you on bond to return immediately upon your leaving ARC and you did not return, and in good conscience I can't uh – you know keep doing the same thing. . . . I'll terminate the remainder of your probation as unsuccessful and enter a judgment for costs.

Sent. Tr. pp. 40-41.

[8] The trial court revoked Leach's suspended sentence of two years on the criminal confinement conviction, one year on the failure to return to lawful

detention conviction, and 180 days on the criminal mischief conviction, minus Leach's good time credit. [5]

[9]    The trial court recommended that, while Leach was in the DOC, Leach should participate in the "purposeful incarceration" program and encouraged Leach to participate in the "recovery while incarcerated" program. Appellant's App. Vol. II p. 60. Leach now appeals.

## Analysis

[10]    Leach argues that the trial court abused its discretion by ordering him to serve the balance of his suspended sentence at the DOC. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). "Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Bratcher v. State,* 999 N.E.2d 864, 873 (Ind. Ct. App. 2013) (citing *Carswell v. State,* 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999)), *trans. denied.* Where, like here, the trial court finds that a defendant has violated a condition of his probation, it may: (1) continue the probation with or without modifying the probation conditions; (2) extend the probationary period for up to one year; or (3) revoke the probation and order the execution of all or part of the sentence suspended at the initial

---

[5] The trial court found that Leach "shall receive credit for 201 days accrued time, 402 days good time; said credit time is to be applied first to the sentence in cause number 39D01-1612-CM-1163 and the remaining time to the sentence in cause number 39D01-1506-F5-515." Appellant's App. Vol. II p. 60.

hearing. Ind. Code § 35-38-2-3(h). A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[11] Leach is not "asking this court to ignore his probation violation." Appellant's Br. p. 12. Instead, Leach "argues that sending him back to prison with the hope that he might be eligible for drug treatment was an abuse of discretion." *Id.* at 6. Leach argues "the trial court failed to consider the proper sanction merited by his violation. . . . [and that the] DOC placement did not ensure treatment." *Id.*

[12] In support of his argument, Leach relies on *Johnson v. State,* 62 N.E.3d 1224 (Ind. Ct. App. 2016), where we considered whether the trial court abused its discretion in revoking Johnson's community corrections placement and ordering Johnson to serve the remainder of his executed sentence in prison. *Id.* at 1225. Johnson "was adequately oriented but appear[ed] to have marked learning, cognitive, and memory deficits," and "[was] likely to meet criteria for Mild Mental Retardation if he were formally tested." *Id.* (internal citations omitted). Johnson was sentenced to eleven years with seven years executed, and four years suspended to probation. *Id.* at 1227. The terms of Johnson's home detention were that he could remain in "the interior living area of the temporary or permanent residence of [Johnson's residence]." *Id.* (internal citations omitted).

[13]     At some point, Johnson fell behind on his fees and travelled to an unauthorized location when he was given permission on one occasion to leave the home. *Id.* Johnson was also seen by a field officer sitting outside his apartment on the porch, instead of inside the apartment. *Id.* In response to the State's petition for revocation, the trial court modified Johnson's sentence, revoked Johnson's placement in community corrections, and ordered Johnson to serve the remainder of his executed sentence, which was approximately seven years, at the DOC. A panel of our court held that the trial court abused its discretion based on the "level of Johnson's functioning and his resources, his previous successful placement on work release, the nature of the violation, and the severity of the court's sentence." *Id.* at 1231.

[14]     While Leach acknowledges "the facts of this case differ from *Johnson*," Leach still contends that, similarly to *Johnson,* "three years of jail time is unduly harsh considering Leach will be parted from his wife and six-year-old child for a long time for doing nothing more than being a drug addict." Appellant's Br. pp. 9-10. We disagree with Leach that revocation of his suspended sentence was unduly harsh.

[15]     The trial court noted that Leach had repeated probation violations. Notably, the State did not petition for revocation of Leach's probation until after Leach violated his administrative agreement repeatedly. Our Supreme Court has held:

> Once a trial court has exercised its grace by ordering probation
> rather than incarceration, the judge should have considerable
> leeway in deciding how to proceed. If this discretion were not

afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Prewitt,* 878 N.E.2d at 188. The trial court had "considerable leeway" in deciding the consequences of Leach's probation violations. *Id.* Given Leach's repeated probation violations, we do not find the imposition of the suspended sentence to be an abuse of discretion. *See, e.g., McKnight v. State,* 787 N.E.2d 888, 893 (Ind. Ct. App. 2003) (holding that the trial court properly ordered the defendant to serve seven years of his previously-suspended sentence after finding four probation violations).

## Conclusion

[16] The trial court did not abuse its discretion by ordering Leach to serve his suspended sentence. We affirm.

[17] Affirmed.

Baker, J., and May, J., concur.