# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2019, 7:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jay A. Rigdon
Warsaw, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven R. Bean,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 14, 2019

Court of Appeals Case No.
19A-CR-650

Appeal from the Kosciusko
Superior Court

The Honorable David C. Cates,
Judge

Trial Court Cause No.
43D01-9512-CF-294

**Tavitas, Judge.**

# Case Summary

[1] Steven R. Bean ("Bean") appeals from the trial court's revocation of a portion of his previously-revoked sentence after Bean admitted a probation violation. We affirm.

# Issue

[2] The issue on appeal is whether the trial court erred in revoking a ten-year portion of Bean's previously-suspended sentence for Bean's commission of a misdemeanor offense while he was on probation.

# Facts

[3] In December 1995, the State charged Bean with attempted murder, a Class A felony ("Count I"); the State subsequently amended the charging information to include a count of burglary causing serious bodily injury, a Class A felony ("Count II"). On November 21, 1996, the trial court sentenced Bean, pursuant to a plea agreement, as follows: Count I, thirty years executed; and Count II, fifty years, suspended to probation. The trial court ordered the sentences to be served consecutively. In October 2001, the trial court modified Bean's sentences to concurrent sentences and revised Bean's sentence on Count II as

follows: fifty years, with twenty years executed and thirty years suspended to probation.[1]

[4]     On March 26, 2009, Bean was released to parole and probation. The trial court's order "specifying conditions of probation" provided in part: "If at any time during your probation you fail to comply with the following Court conditions, your probation may be revoked." Appellant's App. Vol. III p. 101. Among the stated conditions of probation were requirements that Bean: (1) "shall report to [his] Probation Officer as directed"; and (2) "will obey all laws of the City, County, State, and Federal Government." *Id*. at 102.

[5]     In February 2017, the State charged Bean with four counts of conversion, Class A misdemeanors, and four counts of unauthorized entry of a motor vehicle, Class B misdemeanors. On April 18, 2017, Bean pleaded guilty to conversion, a Class A misdemeanor, and unauthorized entry of a motor vehicle, a Class B misdemeanor.[2] Bean was sentenced to ten days executed and 355 days suspended to probation on Count I; and sixty days executed and 120 days "suspended with [Bean] to be placed on formal probation for a period of 365 days [on Count II], consecutive to Count I." *Id*. at 122. The State did not pursue revocation of Bean's previously-suspended sentence.

---

[1] Bean's suspended sentence was misstated in an apparent error on the judgment of conviction; however, the trial court's order "specifying conditions of probation" provides that, on March 19, 2009, Bean was placed on probation for thirty years, from March 16, 2009 to March 15, 2039. Appellant's App. Vol. III p. 101.

[2] The State dismissed the remaining counts.

On November 26, 2018, Bean approached A.A., who "was walking to school" and, "holding a one hundred ($100) dollar bill in his hand[,]" Bean stated, "'get in, and we can f****.'" *Id*. at 149 (quotations added). Bean was arrested for promoting prostitution, a Level 5 felony, and making an unlawful proposition, a Class A misdemeanor. On December 21, 2018, the State filed an amended petition of probation violation and cited Bean's recent arrest and his failure to report to the probation department in October and November 2018.

On January 17, 2019, Bean admitted, in open court, that he made an unlawful proposition to A.A. and, thereby, violated his probation. On February 21, 2019, the trial court revoked Bean's previously-suspended sentence and ordered Bean to serve ten years "of the suspended portion of the sentence [ ] entered November 21, 1996[.]" *Id*. at 153. Bean now appeals.

## Analysis

Bean argues that the trial court abused its discretion in revoking a ten-year portion of his previously-suspended sentence for his commission of a misdemeanor offense. We review the trial court's decision to revoke probation for an abuse of discretion. *Crump v. State,* 740 N.E.2d 564, 573 (Ind. Ct. App. 2000), *trans. denied*. An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Brattain v. State,* 777 N.E.2d 774, 776 (Ind. Ct. App. 2002).

Indiana Code Section 35-38-2-3(g) provides that the trial court may take one of the following three actions if the court finds the person "violated a condition"

of probation: "(1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or (3) order execution of the sentence that was suspended at the time of initial sentencing."

The violation of a single condition of probation is sufficient to permit a trial court to revoke probation. *See, e.g.*, *Smith v. State*, 727 N.E.2d 763, 766 (Ind. Ct. App. 2000). Generally speaking, as long as the trial court follows the procedures outlined in Indiana Code Section 35-38-2-3, the court may properly order execution of a suspended sentence. *Crump,* 740 N.E.2d at 573; *see also Pugh v. State*, 819 N.E.2d 375, 375-76 (Ind. 2004) (holding that "when a trial court revokes a defendant's probation, it may order less than the entire amount of the sentence originally suspended").

As we have previously found:

> [T]he granting of a conditional liberty is a favor and not a right. When a trial court grants a defendant probation in lieu of an executed sentence, the trial court is taking many aspects of the defendant's character into account. When the defendant commits a crime or violates a term of the probation, the trial court should be able to weigh that violation in its reevaluation of whether the defendant should be or should have been granted probation. . . . Once a defendant has been sentenced, the court may revoke or modify probation, upon a proper showing of a violation, at any time before the completion of the probationary period.

*Pugh v. State,* 804 N.E.2d 202, 204 (Ind. Ct. App. 2004), *vacated in part by Pugh v. State*, 819 N.E.2d 375, 375-76 (Ind. 2004) (internal citations and footnote omitted).

[12]   In *Pugh v. State*, 819 N.E.2d 375, 375-76 (Ind. 2004), our Supreme Court summarily affirmed our opinion upholding the trial court's decision to revoke Pugh's previously-suspended sentence; however, the Supreme Court vacated part of our opinion in which we held that the trial court must order the entire amount of the sentence originally suspended it if revokes a defendant's probation. *Id*. at 376. The *Pugh* Court held, rather, that "when a trial court revokes a defendant's probation, it may order [the defendant to serve] less than the entire amount of the sentence originally suspended." *Id*. at 375.

[13]   The record here reveals that, in April 2017—eight years after Bean was released to parole and probation—he pleaded guilty to conversion, a Class A misdemeanor, and unauthorized entry of a motor vehicle, a Class B misdemeanor and, thereby, violated his probation. Although Bean was certainly eligible for revocation of his previously-suspended sentence, the State did not pursue that penalty. Subsequently, in January 2019, when Bean admitted to another probation violation—this time, for making an unlawful proposition—the State invoked Indiana Code Section 35-38-2-3(g)(3) and petitioned the trial court to "order execution of the sentence that was suspended

at the time of initial sentencing." The trial court ordered Bean to serve ten years of his previously-suspended sentence, and we find no abuse of discretion.[3]

## Conclusion

[14] The trial court did not abuse its discretion in ordering Bean to serve a portion of his previously-suspended sentence. We affirm.

[15] Affirmed.

Crone, J., and Bradford, J., concur.

---

[3] Bean's claim that his probation violation was for a minor offense and, therefore, did not warrant revocation of his previously-suspended sentence is unavailing. *See Pugh*, 804 N.E.2d at 203 (finding no abuse of discretion from the trial court's order that defendant serve two years of her previously-suspended sentence where, as defendant argued, "her only probation violation was consuming alcohol").